This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NICK KAPNISON,**

Petitioner-Appellant,

v.                                                             **No. 34,481**

**CHRIS KAPNISON,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Jackson Law, LLC
Wesley C. Jackson
Albuquerque, NM

for Appellant

Sanchez, Mowrer & Desiderio, P.C.
F.M. Mowrer
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Petitioner appeals from the district court's order denying his motion to amend the judgment adopting and attaching the transcript of the parties' mediation as the

parties' marital settlement agreement. We issued a notice of proposed summary disposition, proposing to affirm. Petitioner has responded to our notice with a memorandum in opposition. We have considered Petitioner's response and remain unpersuaded that Petitioner has demonstrated that the district court lacked jurisdiction to adopt the transcript as the parties' marital settlement agreement. We affirm.

{2}     On appeal, Petitioner has argued that the district court was without jurisdiction to enter the order adopting the transcript of the mediation between the parties as the marital settlement agreement, to make it a part of the divorce decree, after the parties voluntarily dismissed the case. [DS 7-12; MIO 4-7]

{3}     As our notice indicated, Petitioner's argument overlooks several important aspects of the proceedings below, and his response does not adequately discuss our observations. We continue to be puzzled by the reasons behind the parties' voluntary dismissal and Petitioner's argument on appeal. Below, we recount our observations and concerns about Petitioner's arguments in the context of pertinent events that occurred in district court.

{4}     First, the parties agreed that their marital settlement agreement was memorialized by the transcript of their settlement in mediation, and Petitioner does not contradict this apparent fact. [RP 282, 331] He merely asserts that the transcript indicates that the parties intended to formalize the agreement. [MIO 6] The stipulated

motion for dismissal, however, references the fact that the parties executed a settlement agreement that was memorialized through the court reporter, [RP 282] presumably at mediation. Accordingly, the record shows that the parties were divorced and a marital settlement agreement was reached at the time of the voluntary dismissal.

{5}     Second, the district court retains jurisdiction over its orders for enforcement purposes. *See Hall v. Hall*, 1992-NMCA-097, ¶ 38, 114 N.M. 378, 838 P.2d 995 ("As a general rule, while a court has jurisdiction after the judgment to enforce that judgment, it lacks jurisdiction to modify the judgment except under limited circumstances."). After the voluntary dismissal, Respondent filed a motion to enforce the marital settlement agreement, [RP 288-90] to which Petitioner responded, acknowledging the existence of the marital settlement agreement and requesting relief thereunder. [RP 297-98] As we explain more below, all issues before the district court after the voluntary dismissal have been related to the enforcement of its orders. For unknown reasons, the district court did not rule on the parties' enforcement issues, and the parties did not pursue those matters. Instead, the district court entered an order dismissing the pending claims without prejudice for the failure to prosecute. [RP 322]

{6}     Third, Petitioner himself moved to reinstate the case, asking the district court to place this case on its docket, stating "all of the terms as set forth in the [m]arital [s]ettlement [a]greement have not yet been fulfilled." [RP 328] The record indicates

that the district court granted Petitioner's motion to reinstate the case, "until the terms as set forth in the [m]arital [s]ettlement [a]greement have been fulfilled." [RP 355]

{7} Petitioner then argued, as he does on appeal, that the district court lacked all jurisdiction over this case after the voluntary dismissal. [RP 346-47] That is, despite his actions to invoke the district court's jurisdiction to deal with enforcement matters. Petitioner argues that the voluntary dismissal divested the district court of all jurisdiction to act on its orders and leaves a situation as though the suit were never brought. [RP 373; MIO 4] Surely, Petitioner does not contemplate that the parties were not divorced and had not reached an agreement, contrary to their stipulated dismissal. [RP 282] The cases upon which Petitioner relies, however—for his argument that the district court lacked jurisdiction over the case after the voluntary dismissal—do not involve voluntary dismissals filed after a final order of divorce and acceptance of a marital settlement agreement. [MIO 4-6] Because the district court entered a divorce decree and accepted the parties' voluntary dismissal, upon their acknowledgment of the marital settlement agreement, the issues that were raised thereafter surrounded the enforcement of these orders, as Petitioner acknowledged below. [RP 297-98, 328]

{8} As we stated above and in our notice, the district court retains jurisdiction over its orders for enforcement purposes. *See Hall*, 1992-NMCA-097, ¶ 38. Petitioner

4

refers us to no authority indicating that a district court's jurisdiction, repeatedly invoked to enforce its final, controlling orders, would have been vitiated by a voluntary dismissal despite any efforts by any party to seek enforcement of those orders. We continue to believe that the district court's order adopting the mediation transcript as the marital settlement agreement was entered to clarify the settlement agreement in an effort to facilitate its *enforcement* and execution, [RP 331-32] an effort that even Petitioner's own motions suggest to us is required in this case. [RP 328, 347] *See id.* ¶ 41 (stating that, in this context, " '[e]nforce' means to compel obedience to, or to cause the provisions to be executed").

{9}     We note that this Court's reliance on *Estate of Gutierrez v. Meteor Monument, L.L.C.*, 2012-NMSC-004, ¶ 34,  274 P.3d 97, in our notice was not for its factual similarities to this case; [CN 2] we expressly referred to that case for its recitation of the invited error doctrine, which states that the orderly administration of justice is subverted when a party is permitted to invite an error and then subsequently complain about the error. We continue to believe that Petitioner invited any alleged errors about which he now complains. Petitioner alleges two main errors in this appeal: (1) the granting of the dismissal before the parties formalized the marital settlement agreement; and (2) the reinstatement of the case. [RP 2-7] Petitioner, however, requested a voluntary dismissal by stipulation, acknowledging the memorialized

5

existence of a marital settlement agreement by a court reporter, [RP 282] and he later requested reinstatement of the case to assist the parties in the enforcement of the marital settlement agreement. [RP 328] Although we agree with Petitioner that the procedure followed in this case was flawed, [MIO 1-2] it was a procedure that he requested. If Petitioner wanted the marital settlement agreement to have followed the rules more strictly, then he should have done so without seeking a dismissal and acknowledging the marital settlement agreement in its memorialized state.

{10}    If, at the heart of Petitioner's complaints about the procedure, is his dissatisfaction with the terms of the marital settlement agreement, then he should take the appropriate steps to request that it be formalized, clarified, or altered. Challenging the district court's jurisdiction to act on the marital settlement agreement does nothing to further this matter and is not a winning strategy.

{11}    For the reasons stated in our notice and in this opinion, we affirm the district court's order adopting the transcript of the mediation as the parties' marital settlement agreement.

{12}    **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

6

_____

**CYNTHIA A. FRY, Judge**


_____

**LINDA M. VANZI, Judge**